## BOONE R. ENTERPRISES, INC., Appellant,

### v.

## FOX TELEVISION STATIONS, INC., Paul Adrian, and Ernestor Peña, Appellees.

### No. 05–04–00173–CV.

Court of Appeals of Texas, Dallas.

Jan. 28, 2005.

Terence Sharise Estes, Law Office of Teri Estes, Dallas, for appellant.

Laura Lee Stapleton, Jackson Walker, L.L.P., Austin, for appellees.

Before Justices MORRIS, O'NEILL, and LANG.

### OPINION

Opinion by Justice MORRIS.

In this appeal, Boone R. Enterprises, Inc. challenges the trial court's summary judgment against it in a defamation suit brought by the company against Fox Television Stations, Inc., Paul Adrian, and

Ernestor Peña. Boone contends the summary judgment was improper because the trial court erred in admitting certain documents into evidence and in failing to find that appellees acted with malice. Boone's assertions of error attack either directly or indirectly several of the grounds for judgment asserted in appellees' motion for summary judgment. Boone fails, however, to show how the trial court erred in granting summary judgment on all of the possible grounds upon which the summary judgment could have been based. Because Boone failed to meet his burden of challenging each independent ground for summary judgment raised in appellees' motion for summary judgment, we affirm the trial court's judgment.

This case arises out of an investigative report broadcast on KDFW in April 2003. The report concerned complaints about repair work performed by Robert Boone on low-income houses in the City of Dallas. Boone R. Enterprises, Inc. filed suit alleging the report was defamatory and, as such, injured the company's business reputation. The defendants, Fox Television Stations, Inc., Paul Adrian, and Ernestor Peña, filed a traditional motion for summary judgment asserting six grounds upon which judgment could be granted: the statements in the broadcast were true; the statements were substantially true; the statements were privileged; many statements were not capable of defamatory meaning; many statements were constitutionally protected; and none of the statements concerned the plaintiff. The trial court granted the motion without specifying the ground upon which it relied.

The standards for reviewing a motion for summary judgment are well established. *See Nixon v. Mr. Prop. Mgmt.*, 690 S.W.2d 546, 548–49 (Tex.1985). When the trial court does not state the grounds upon which it granted the summary judgment, the nonmovant must show on appeal that each independent ground alleged in the motion is insufficient to support the judgment. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Caldwell v. Curioni*, 125 S.W.3d 784, 789 (Tex.App.-Dallas 2004, pet. denied). In this case, one of the grounds for summary judgment asserted by appellees was that the alleged defamatory statements at issue did not concern Boone R. Enterprises, Inc. The report mentioned only Robert Boone, who is not named as a plaintiff in this suit. Because Boone R. Enterprises, Inc. was not mentioned in the report, appellees argued the company could not recover for defamation as a matter of law.

On appeal, Boone does not raise any issue attacking the trial court's judgment on the ground that Boone R. Enterprises, Inc. could not recover because the alleged defamatory statements did not concern the company. This ground for summary judgment negates all of Boone's claims. Because Boone failed to attack a ground for summary judgment the trial court could have relied on to dismiss all of Boone's claims, we must affirm the trial court's judgment.

In a single cross-point, appellees request we sanction Boone and its counsel for filing an objectively frivolous appeal. Appellees argue Boone had no reasonable expectation of reversal and, therefore, this appeal was nothing more than a waste of resources. Although Boone was not successful in its appeal, we conclude the appeal was not frivolous and we decline to impose sanctions.